```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```

```
                                  ̸
CHARLES E. BROWN,                 ̸
                                  ̸
      Petitioner,                 ̸
                                  ̸
vs.                               ̸        No. 05-2969-B/V
                                  ̸
UNITED STATES,                    ̸
                                  ̸
      Respondent.                 ̸
                                  ̸
```

ORDER GRANTING APPLICATION TO PROCEED <u>IN</u> <u>FORMA</u> <u>PAUPERIS</u>
ORDER DENYING PETITION UNDER § 2241
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

Petitioner Charles E. Brown, Bureau of Prisons inmate registration number 97553-131, an inmate at the Federal Correctional Institution in Memphis ("FCI-Memphis"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Brown also filed an application seeking leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> or pay the filing fee. The application was attached to the petition and was not docketed separately as a motion.

The application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> is GRANTED. The Clerk is directed to file the case without prepayment of the fee and to record the Respondent as Bruce Pearson. The Clerk shall delete all references to the United States as Respondent.

Brown has multiple convictions and parole violations in the United States District Court for the District of Columbia. In 1971, Brown was convicted of murder in Case No. 1:71-00556 and he alleges that he was sentenced to five (5) to twenty five (25) years imprisonment. He has filed multiple habeas petitions in the District of Columbia seeking release. See Brown v. Britton-Jackson, No. 96-1973, Brown v. Britton-Jackson, 96-2049, and Brown v. Grear, 99-1301. Brown appealed the dismissal of his petition in Case No. 96-1973 and the Eighth Circuit decision affirming the denial of relief summarized his convictions, sentences, and claims as follows:

Appellant properly was denied credit against his 1971 sentence based on District of Columbia parole law, for (1) the time he spent on parole between 1981 and 1985 and (2) the periods between issuance and execution of the 1985 and 1992 parole violator's warrants, as the United States Parole Commission was required by D.C. Code Ann. § 24-209 to apply District of Columbia parole law to appellant given that his 20-year sentence was imposed in the district court for violations of the District of Columbia Code. Even were the federal parole guidelines applicable, appellant would not be entitled to credit for his street time between 1981 and 1985, because his parole was revoked due to his conviction of a crime committed while on parole. Similarly, appellant is not entitled under federal law to credit against his sentence for the time that elapsed between issuance and execution of the 1985 and 1992 parole violator's warrants.

Finally, assuming that appellant served his five-year 1975 sentence in its entirety before his release in 1981, appellant still was subject to serving 15 years of his 20-year sentence, because the five-year sentence imposed in 1975 was expressly made consecutive to appellant's 20-year sentence. If appellant served the 1975 sentence in its entirety before 1981, then only five of the nearly ten years appellant was incarcerated between 1971 and

2

1981 counted against the 20-year sentence.  Appellant
continued to owe nearly 15 years on his 20-year sentence
in 1986 following the revocation of his parole, because
in imposing a parole violator's term, the United States
Parole Commission exercised its discretion to revoke all
of the good time credits appellant had earned between
1971 and 1981.  In light of the nearly 15 years appellant
owed on the 20-year sentence after his parole was revoked
in 1986, and accounting for those period when appellant
was not entitled to credit against his sentence under
either District of Columbia of federal law, the D.C.
Department of Corrections' calculation of appellant's
mandatory release date and full-term date is proper and
does not erroneously add five years to appellant's
sentence.

Brown v. Britton-Jackson, 1997 WL 529060 at *1 (D.C. Cir. July 29,
1997).

Brown contends in this petition that he is entitled to release
based upon the United States Supreme Court's decision in Blakely v.
Washington, 542 U.S. 296 (2004).  He actually seeks to raise
claims cognizable only under § 2255.  The Antiterrorism and
Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat.
1214 (Apr. 24, 1996)(codified, inter alia, at 28 U.S.C. § 2244 et
seq.)(AEDPA), amended 28 U.S.C. §§ 2244(b) and 2255 to limit a
defendant to his direct appeal and one collateral attack, filed
within one-year of the time his conviction is final.  This
amendment strengthened the existing provisions limiting federal
prisoners to one collateral attack on a conviction.  These reforms
were intended to further protect the finality attached to federal
criminal judgments and to reduce the workloads of the federal
courts.

As a § 2255 motion is foreclosed by the AEDPA statute of limitations and successive petition limitations, Petitioner seeks to characterize this case as a habeas petition under 2241. The only reason for this characterization, however, is the need to avoid the limitations enacted by the AEDPA. This case clearly seeks to attack the validity of Petitioner's original sentence and is in reality a motion under § 2255. A series of unpublished opinions has relied on Gray-Bey v. United States, 209 F.3d 986, 990 (7th Cir. 2000), to conclude that § 2255 motions that are disguised as § 2241 petitions should not be transferred but dismissed.[1]

Generally, habeas corpus is available if "the issues raised more accurately challenged the execution of the sentence than its imposition." Wright v. United States Bd. of Parole, 557 F.2d 64, 78 (6th Cir. 1977). On the other hand, "[s]ection 2255 . . . has been conceived to be limited to those claims which arise from the imposition of the sentence as distinguished from claims attacking the execution of the sentence." Id. at 77. Cf. United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)("Because defendant Jalili is challenging the manner in which the sentence is executed, rather than the validity of the sentence itself, Section 2255 does not apply."). It is clear from Wright and Jalili, however, that true attacks on the "execution" of a sentence relate to BOP decisions affecting the duration of the sentence and that such attacks

---

[1]    See, e.g., In Re Walker, No. 00-5262, 2000 WL 1517155 (6th Cir. Aug. 4, 2000).

accept, as a matter of course, the validity of the original underlying conviction and sentence.  Brown's petition does not challenge the execution of his sentence, but attacks its imposition.

Federal prisoners seeking collateral relief from a conviction or sentence must seek relief through a motion to vacate under 28 U.S.C. § 2255.  Charles v. Chandler, 180 F.3d 753, 755-56 (1999); In re Hanserd, 123 F.3d 922, 933 (6th Cir. 1997); United v. Sarduy, 838 F.2d 157, 158 (6th Cir. 1988)(challenge to proper sentence calculation should be brought under § 2255, not Rules 32 or 35). See also United States v. Cerna, 1994 U.S. App. LEXIS 27901 at *2-3 (6th Cir. Oct. 4, 1994)(district court has discretion to construe motion erroneously styled as one under § 3582(c)(2) as a motion to vacate under § 2255);[2] United States v. Auman, 8 F.3d 1268, 1271 (8th Cir. 1993); Wood v. United States, No. 91-2055, 1992 U.S. App. Lexis 3053 (6th Cir. Feb. 25, 1992)(petition for a writ of error coram nobis should be construed as motion under § 2255);[3] Owens v. Benson, 439 F. Supp. 943, 944 (E.D. Mich. 1977)(the proper remedy for a federal prisoner attacking his conviction or sentence is a motion under § 2255).  Cf. Capaldi v. Pontesso, 135 F.3d 1122, 1124

---

[2]    Although citation to unpublished Sixth Circuit precedents is disfavored, this case is referred to in the absence of clear published case law from this circuit "because it establishes the law governing the present action and 'there is no [Sixth Circuit] published opinion that would serve as well.'" Norton v. Parke, 892 F.2d 476, 479 n.7 (6th Cir. 1989).

[3]    See supra note 2.

(6th Cir. 1998)(adopting <u>per se</u> rule that district court may not consider a § 2255 motion while prisoner's direct appeal is pending and affirming denial of habeas relief to prisoner whose direct appeal was pending in Fifth Circuit).

Habeas corpus will lie, however, if it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. This "savings clause" operates as an additional exception to the successive motion limits of the AEDPA and permits review by a habeas petition in an even more narrow category of cases.

The movant has the burden of demonstrating that the savings clause applies. <u>Charles</u>, 180 F.3d at 756. The § 2255 remedy is not inadequate or ineffective, for example, merely because the successive motion limits apply to bar consideration of a claim or the motion is barred by the statute of limitations. <u>Charles</u>, 180 F.3d at 756-58. Rather, if the claim is of a type that was cognizable under § 2255, the remedy is not inadequate or ineffective, regardless of whether the movant can obtain a substantive review on the merits in the present motion. As suggested by <u>Gray-Bey</u>, 209 F.3d at 990, in considering the scope of collateral remedies remaining to federal prisoners after the AEDPA, "§ 2255 ¶ 8 means . . . that prisoners today are never entitled to multiple collateral attacks, so that their inability to obtain another round of litigation cannot demonstrate that § 2255 as a

6

whole is 'inadequate or ineffective to test the legality of . . . detention.'"

Federal law providing for collateral review of conviction and sentence does not guarantee that every prisoner will obtain a review on the merits of a constitutional claim, but that every prisoner will at some point have the opportunity for such review. See, e.g., Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999). According to Wofford, the entire federal criminal procedure statutory scheme, encompassing trial, direct appeal, and one opportunity for collateral review, ensures that "a petitioner will have had 'an unobstructed procedural shot at getting his sentence vacated.'  That does not mean that he took the shot . . . the Constitution requires [only] that the procedural opportunity existed."  Id. (quoting In Re Davenport, 147 F.3d 605, 609 (7th Cir. 1998)).

Wofford held that the "inadequate or ineffective" savings clause applies to permit a prisoner to set aside a conviction when

> 1) the claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Brown cannot demonstrate that Blakely has been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255. "As a general rule, new constitutional decisions are not

7

applied retroactively to cases that were finalized prior to a new Supreme Court decision." Goode v. United States, 305 F.3d 378, 383 (6th Cir. 2002); see Schriro v. Summerlin, 542 U.S. 348, 351-58 (2004) (holding that decision in Ring v. Arizona, which held that a sentencing judge in a capital case may not find an aggravating factor necessary for imposition of the death penalty and that the Sixth Amendment requires that those circumstances be found by a jury, does not apply retroactively to cases on collateral review); Teague v. Lane, 489 U.S. 288 (1989)(using a three step analysis with two exceptions to determine whether a rule of criminal procedure applies to cases on collateral review).

In United States v. Booker, 543 U.S. 220 (2005), the Supreme Court determined that its holding in Blakely applies to the United States Sentencing Guidelines. Booker, 543 U.S. 242-244. The Court also expressly stated that its holding must be applied to all cases on direct review. Booker, 543 U.S. at 268 (citing Griffith v. Kentucky, 479 U.S. 314, 328 (1987)("[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases . . . pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past")).

Applying these standards, the Sixth Circuit has held that Booker and Blakely issues cannot be raised initially in a motion pursuant to 28 U.S.C. § 2255. Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005). These recent decisions fail to

8

provide Brown with any basis for relief.  Accordingly, Brown is not entitled to relief under § 2241 on his claim.

Because Brown is not entitled to invoke § 2241, "it appears from the application that the applicant or person detained is not entitled" to any relief.  28 U.S.C. § 2243.  An order for Respondent to show cause need not issue.  The petition is DENIED and DISMISSED.

Appeals of habeas petitions under 28 U.S.C. § 2254 and motions under 28 U.S.C. § 2255 are governed by 28 U.S.C. § 2253 and require the district court to consider whether to issue a certificate of appealability.  Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063 (6th Cir. 1997).  Section 2253 does not apply to habeas petitions by federal prisoners under § 2241.  McIntosh v. United States Parole Comm'n, 115 F.3d 809, 810 (10th Cir. 1997); Ojo v. I.N.S., 106 F.3d 680, 681-82 (5th Cir. 1997); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).  Nevertheless, a habeas petitioner seeking to appeal is still obligated to pay the $455 filing fee required by 28 U.S.C. §§ 1913 and 1917.  Under the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915, it is unclear how habeas petitioners establish a right to proceed in forma pauperis and avoid this filing fee.

Although the Sixth Circuit has concluded that the various filing fee payment requirements and good faith certifications of amended § 1915 do not apply to § 2254 cases, it has not resolved whether these requirements apply to § 2241 cases.  Kincade v.

<u>Sparkman</u>, 117 F.3d 949, 951-52 (6th Cir. 1997).   <u>Cf.</u> <u>McGore v.</u>
<u>Wrigglesworth</u>, 114 F.3d 601 (6th Cir. 1997)(instructing courts
regarding proper PLRA procedures in prisoner civil-rights cases,
without mentioning § 2241 petitions).

The Tenth Circuit, however, has held that the provisions of
the PLRA do not apply to habeas cases of any sort or to § 2255
motions.  <u>See</u> <u>McIntosh</u>, 115 F.3d at 810; <u>United States v. Simmonds</u>,
111 F.3d 737, 743 (10th Cir. 1997).  An unpublished Sixth Circuit
opinion has adopted this approach in affirming a decision from this
district.  <u>Graham v. U.S. Parole Com'n</u>, No. 96-6725, 1997 WL 778515
(6th Cir. Dec. 8, 1997), <u>aff'g</u>, <u>Graham v. United States</u>, No. 96-
3251-Tu (W.D. Tenn. Dec. 4, 1996).  Because the Court finds the
reasoning of <u>McIntosh</u> persuasive, and finds that this conclusion
naturally follows from the Sixth Circuit's decision in <u>Kincade</u>, the
Court concludes that the PLRA does not apply to § 2241 petitions.

Pursuant to <u>Kincade</u>, a petitioner must seek leave to proceed
<u>in</u> <u>forma</u> <u>pauperis</u> from the district court under Fed. R. App. 24(a),
which provides:

> A party to an action in a district court who desires to
> proceed on appeal <u>in</u> <u>forma</u> <u>pauperis</u> shall file in the
> district court a motion for leave to so proceed, together
> with an affidavit, showing, in the detail prescribed by
> Form 4 of the Appendix of Forms, the party's inability to
> pay fees and costs or to give security therefor, the
> party's belief that that party is entitled to redress,
> and a statement of the issues which that party intends to
> present on appeal.

The Rule further requires the district court to certify in writing whether the appeal is taken in good faith, and to deny the certificate if the appeal would be frivolous.

The good faith standard is an objective one.  Coppedge v. United States, 369 U.S. 438, 445 (1962).  An appeal is not taken in good faith if the issue presented is frivolous.  Id.   It would be inconsistent for a district court to determine that a complaint does not warrant service on the respondent, yet has sufficient merit to support an appeal in forma pauperis.  See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).  The same considerations that lead the Court to dismiss this petition also compel the conclusion that an appeal would not be taken in good faith.  It is therefore CERTIFIED, pursuant to F.R.A.P. 24(a), that any appeal in this matter by Petitioner is not taken in good faith, and he may not proceed on appeal in forma pauperis.

IT IS SO ORDERED this 3rd day of May, 2007.

s/ J.DANIEL BREEN
UNITED STATES DISTRICT JUDGE